Gerhart v. Christ. No. 1.

---

## Gerhart v. Christ. No. 2.

*Mechanics' liens—Sufficiency of—Designating claimant as a contractor.*

A statement in a mechanic's lien which avers that the materials were furnished by plaintiff on the basis of a verbal contract with defendant, sufficiently shows plaintiff was a contractor without the express use of the word "contractor."

Rule to strike off mechanic's lien. C. P. Lancaster Co., Mechanics' Lien Docket No. 9, page 277.

*Charles W. Eaby,* for rule; *Guy K. Bard,* contra.

LANDIS, P. J., Oct. 8, 1927.—In this case the plaintiff, on April 4, 1927, filed a mechanic's lien for $1439.60 against the defendant. The lien was for labor and materials furnished upon the basis of a verbal contract entered into between the parties, plaintiff and defendant, on or about May 18, 1926. In the lien it is said that "the time when the said labor and materials were finished (furnished) in the erection and upon the credit of the hereinafter described buildings, was from May 18, 1926, to Dec. 7, 1926, inclusive, all of which was set forth in the attached bill of particulars." The grounds and buildings against which the lien was filed were located in the Township of Ephrata, in this county.

Joseph T. Evans, trustee in bankruptcy of I. M. Christ, the defendant, asked that the lien be stricken off: First, because the right to file a lien for the labor and materials therein set forth expired before the lien was filed; second, because the lien did not state whether A. L. Gerhart was a contractor

or a sub-contractor, and if a sub-contractor, the lien did not set forth any notice of intention to file a lien; third, that the lien was not self-sustaining; and, fourth, that the lien on its face did not show that it was filed in accordance with the law.

So far as the first objection is concerned, we do not think that it at this time has any merit, and our reasons for so holding are set forth at some length in the case of Harry M. Gerhart v. I. M. Christ, Mechanics' Lien Docket No. 9, page 172, in which case we have just filed an opinion. [See ante, page 813.]

So far as the second reason is concerned, it is stated in the lien that the labor and materials were furnished by A. L. Gerhart upon the basis of a verbal contract entered into with the said I. M. Christ. In our judgment, it was not necessary to use the word "contractor," because, if he entered into a verbal contract with the defendant, it follows that he was a contractor. We are, therefore, of the opinion that there is no merit in this objection.

The third and fourth reasons need not be specifically discussed, because they are covered by the two former objections, and we think the case of Harry M. Gerhart v. I. M. Christ, above referred to, disposes of them.

The rule to show cause why mechanic's lien should not be stricken off is, therefore, discharged. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.